FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 29 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LAO-TEH HUNG a.k.a. LEONARD T. HUNG and
DUO-CHI HUNG a.k.a. DOROTHY C. HUNG,

                Plaintiffs,

        -against-

ELIZABETH W. HURWITZ, ESQ.; LIH YUH KUO
a.k.a. Lily (Hsu) Kuo; ASHER T. BRAND, ESQ.; and
THE DIME SAVINGS BANK OF NEW YORK, FSB,

                Defendants.
-----------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-4140 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Lao-Teh Hung a.k.a. Leonard T. Hung and Duo-Chi Hung a.k.a. Dorothy C. Hung (together, "Plaintiffs") bring this *pro se* action invoking the Court's federal question and diversity jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332.[1] Plaintiffs have paid the required filing fee. For the reasons discussed below, the action is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiffs reside in Flushing, New York, and have brought this action against Elizabeth W. Hurwitz, Esq., a resident of Ann Arbor, Michigan; Lih Yuh Kuo also known as Lily (Hsu) Kuo, a resident of Lido Beach, New York; Asher T. Brand, Esq., a resident of South Ozone Park, New York; and Dimes Savings Bank of New York, FSB, located in Uniondale, New York (collectively, "Defendants"). Plaintiffs allege diversity of citizenship and federal question jurisdiction as the bases for this Court's jurisdiction over this matter and seek to challenge

---

[1] The action was transferred to this court from the United States District Court for the Southern District of New York on July 5, 2017.

1

Defendants' "unlawful threat of baseless 'foreclosure action' against [their] residence" located at 150-49 35th Avenue in Flushing, New York. Compl. at 5, ECF No. 1. Plaintiffs seek monetary damages and a court order to "'Quiet Title' to defer all future possible challenges or claims against our property." *Id.* at 6.

## STANDARD OF REVIEW

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

### 1. Subject Matter Jurisdiction

Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If the Court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*,

565 F.3d 56, 62-63 (2d Cir. 2009). Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331 or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Moore v. Angiuli & Gentile, LLP*, 12-CV-2966, 2012 WL 3288747, at *2 (E.D.N.Y. Aug. 9, 2012) (Irizarry, J.).

## A. Diversity Jurisdiction

Plaintiffs allege diversity jurisdiction but complete diversity does not exist between the parties, as Plaintiffs are residents of New York and defendants Brand and Kuo are also residents of New York. Dime Savings Bank of New York is also alleged to be a citizen of New York by virtue of having its principal place of business in Uniondale, New York. Compl. at 2, ¶ B; *see* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Accordingly, there is not complete diversity between the parties and, therefore, the Court lacks diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1).

## B. Federal Question Jurisdiction

Plaintiffs also fail to establish federal question jurisdiction. "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513 (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). To the extent Plaintiffs seek to have the Court intervene in their dispute with Defendants regarding any foreclosure, the Court is without jurisdiction to grant Plaintiffs the relief they seek. It is well settled that judgments of foreclosure and the landlord-tenant relationship are fundamentally matters of state law. *See, e.g., Worthy-Pugh v. Deutsche Bank National Trust*, 664 F. App'x 20, 21 (2d Cir. 2016) (summary order) (a district court lacks jurisdiction to invalidate a foreclosure judgment); *Garvin v. Bank of N.Y.*, 227 F. App'x 7, 8 (2d Cir. 2007)

(summary order) (same); *see also Coleman v. J.P. Morgan Chase Bank, N.A.*, 16-CV-5062, 2016 WL 5079506, at *2 (E.D.N.Y. Sept. 14, 2016) (Cogan, J.) ("to the extent plaintiff seeks to have the Court intervene in his dispute with defendants regarding any foreclosure, the Court is without jurisdiction to grant plaintiff the relief he seeks."); *Modica v. Eastern Savings Bank*, 14-CV-1384 (KAM), 2014 WL 1775553, at *2 (E.D.N.Y. May 2, 2014) (Matsumoto, J.) (federal court lacks jurisdiction over judgments of foreclosure, as they are "fundamentally matters of state law") (internal citation omitted); *Muong v. Fed. Nat. Mortg. Ass'n*, 13-CV-6564, 2013 WL 6667374, at *2 (E.D.N.Y. Dec. 16, 2013) (Matsumoto, J.) (same); *Gordon v. Deutsche Bank Nat. Trust Co.*, 11-CV-5090, 2011 WL 5325399, at *2 (E.D.N.Y. Nov. 3, 2011) (Kuntz, J.) (same); *Dockery v. Cullen & Dykman*, 90 F. Supp. 2d 233, 235-36 (E.D.N.Y. Mar. 30, 2000) (Gershon, J.) (federal court lacks jurisdiction over claim foreclosure was obtained by fraud); *Ashby v. Polinsky*, 328 F. App'x 20, 21 (2d Cir. 2009) (holding *Rooker–Feldman* doctrine precluded plaintiff's attempt to re-litigate a state court foreclosure judgment in federal court).

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). In light of its duty to liberally construe *pro se* complaints, the Court grants Plaintiffs 30 days leave to file an amended complaint. *See Pearson v. Reid-Robinson*, 632 F. App'x 19, 19 (2d Cir. 2016) (holding that courts should allow "plaintiffs to amend complaints to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." (internal quotation marks omitted) (citing *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987))). Plaintiffs are advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and must bear the same docket number as this Memorandum and Order. If Plaintiffs intend to invoke the

4

Court's diversity jurisdiction over this action, they must establish complete diversity of citizenship among themselves and each defendant named in the amended complaint, meaning that no defendant can be a resident of the same state as Plaintiffs. If Plaintiffs fail to file an amended complaint within the time allowed, judgment shall issue dismissing this action for the reasons set forth above. Although Plaintiffs paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/ WFK
WILLIAM F. KUNTZ, II
United States District Judge

Dated: August 28, 2017
      Brooklyn, New York