FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 01 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LAO-TEH HUNG a.k.a. LEONARD T. HUNG;
DUO-CHI HUNG a.k.a. DOROTHY C. HUNG,

                Plaintiffs,

       -against-

ELIZABETH W. HURWITZ, ESQ.,; LIH YUH KUO,
a.k.a. LILY (HSU) KUO,

                Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
17-CV-4140 (WFK)

**KUNTZ, II, United States District Judge:**

Lao-Teh Hung a.k.a. Leonard T. Hung and Duo-Chi Hung a.k.a. Dorothy C. Hung (together, "Plaintiffs"), who are residents of Flushing, New York, filed this fee-paid, *pro se* action invoking the Court's federal question and diversity jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332.[1] By Memorandum and Order dated August 28, 2017, the action was dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).[2] Plaintiffs were granted 30 days leave to file an amended complaint to establish complete diversity of citizenship among themselves and each defendant named.

On September 28, 2017, Plaintiffs filed an Amended Complaint, which names Elizabeth W. Hurwitz ("Hurwitz") and Lih Yuh Kuo also known as Lily (Hsu) Kuo ("Kuo") as the only

---

[1] The action was transferred to this court from the United States District Court for the Southern District of New York on July 5, 2017.

[2] Plaintiff's original complaint named the following individuals as defendants: attorney Elizabeth W. Hurwitz ("Hurwitz"), a resident of Ann Arbor, Michigan; Lih Yuh Kuo also known as Lily (Hsu) Kuo ("Kuo"), who plaintiffs' alleged was a resident of Lido Beach, New York; attorney Asher T. Brand, a resident of South Ozone Park; and New York and Dimes Savings Bank of New York, FSB, located in Uniondale, New York. The underlying facts in this case are set forth in this Court's prior Memorandum and Order, familiarity with which is assumed.

defendants. ECF No. 8. For the reasons discussed below, Plaintiffs are hereby granted an additional 30 days leave to file a second amended complaint.

## STANDARD OF REVIEW

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

1. **Lack of Subject Matter Jurisdiction**

As the Court previously stated, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62–3 (2d Cir. 2009).

Under 28 U.S.C. § 1332(a)(1), the Court has subject matter jurisdiction over actions between citizens of different states, where the matter in controversy is more than $75,000. "[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). A party's citizenship for purposes of Section 1332 is a question of law and fact. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). The party seeking to invoke jurisdiction pursuant to Section 1332 has the burden of establishing that complete diversity exists. *Herrick Co.*, 251 F.3d at 322. A party's citizenship depends on her domicile. *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo*, 232 F.3d at 42 (citation omitted). A person only has one domicile at a time. *Id.* To change her domicile, a person must take up residence in a new domicile and intend to remain. *Id.*

Here, it appears that defendant Hurwitz is a citizen of Michigan, but defendant Kuo may be a citizen of New York, which would negate complete diversity between the parties. Plaintiffs initially asserted that defendant Kuo was a citizen of New York, residing in Lido Beach, New York, but now allege that she is a citizen of Taiwan. Specifically, they state that Kuo

> is a citizen of Taiwan, having residency can be found at 143 Chang-Chun Road, 5th Floor, Taipei, Taiwan, although she is 'domicile' or with-out permanent residency' and is 'currently' (i.e. for the time being, since Dec. 28th, 2016[)], in an 'unverified' or 'can't be-disclosed' nursing care facility some-where; or 'was told' by daughter(s) Karen Hsu and Ruth Hsu that their mother was sometime temporarily at 73 Luchon St., Lido Beach, Nassau County, NY 11561.

Am. Compl. ¶ 11. The "documentary proof of evidence" Plaintiffs offer to establish that Kuo is not a citizen of New York, is a United States Postal Service Express Mail receipt addressed to Kuo in Taiwan in 1995. *Id.* at 3, 10. This is clearly insufficient, so Plaintiffs have not met their burden of establishing that complete diversity exists between the parties.

## CONCLUSION

Accordingly, in an abundance of caution and in light of its duty to liberally construe *pro se* complaints, the Court grants Plaintiffs an additional 30 days leave to file a second amended complaint to establish complete diversity of citizenship among themselves and each defendant named in the Amended Complaint. *See Pearson v. Reid-Robinson*, 632 F. App'x 19, 19 (2d Cir. 2016) (holding that courts should allow "plaintiffs to amend complaints to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." (internal quotation marks omitted) (citing *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987))). Plaintiffs are advised that the second amended complaint will completely replace the Complaint and the Amended Complaint, must be captioned, "Second Amended Complaint," and must bear the same docket number as this Memorandum and Order. If Plaintiffs fail to file a second amended complaint within the time allowed, judgment shall issue dismissing this action. Although Plaintiffs paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/ WFK
_____
WILLIAM F. KUNTZ, II
United States District Judge

Dated: October 30, 2017
Brooklyn, New York