UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LAO-TEH HUNG a.k.a. LEONARD T. HUNG;
DUO-CHI HUNG a.k.a. DOROTHY C. HUNG,

NOT FOR PUBLICATION

Plaintiffs,

**MEMORANDUM AND ORDER**
17-CV-4140 (WFK)

-against-

ELIZABETH W. HURWITZ, ESQ.; LIH YUH KUO,
a.k.a. LILY (HSU) KUO; KUO'S REALTY, INC.;
SUE-FUEI KUO; RUTH HSU; KAREN HSU,

Defendants.
------------------------------------------------------------x

**KUNTZ, II, United States District Judge:**

Plaintiffs, Lao-Teh Hung a.k.a. Leonard T. Hung and Duo-Chi Hung a.k.a. Dorothy C. Hung ("Plaintiffs"), who reside in Flushing, New York, filed this fee paid, pro se action invoking the Court's federal question and diversity jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332.[1] By Memorandum and Order dated August 28, 2017, the action was dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).[2] Plaintiffs were granted 30 days leave to file an amended complaint to establish complete diversity of citizenship among themselves and each defendant named.

On September 28, 2017, Plaintiffs filed an Amended Complaint naming attorney Elizabeth W. Hurwitz ("Hurwitz") and Lih Yuh Kuo also known as Lily (Hsu) Kuo ("Kuo") as the only remaining defendants. By Memorandum and Order dated September 30, 2017,

---

[1] The action was transferred to this court from the United States District Court for the Southern District of New York on July 5, 2017.

[2] Plaintiff's original complaint named as defendants, attorney Elizabeth W. Hurwitz ("Hurwitz"), a resident of Ann Arbor, Michigan, Lih Yuh Kuo also known as Lily (Hsu) Kuo ("Kuo"), who Plaintiffs alleged was a resident of Lido Beach, New York, attorney Asher T. Brand, a resident of South Ozone Park, New York, and Dimes Savings Bank of New York, FSB, located in Uniondale, New York. The underlying facts in this case are set forth in detail in this Court's prior Orders, familiarity with which is assumed.

1

Plaintiffs were granted an additional 30 days to file a second amended complaint to establish complete diversity of citizenship among themselves and each defendant named, as the Amended Complaint had failed to do. On November 28, 2017, Plaintiffs filed a Second Amended Complaint, adding four additional defendants, three of whom appear to be citizens of New York. In an abundance of caution, Plaintiffs are granted an additional, and final, 30 days leave to file a third amended complaint to establish complete diversity of citizenship among themselves and each defendant named.

## STANDARD OF REVIEW

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

### I. Lack of Subject Matter Jurisdiction

As previously stated in the Court's August 28, 2017 and September 28, 2017 Orders, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of

2

their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If the Court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009).

Under 28 U.S.C. § 1332(a)(1), the Court has subject matter jurisdiction over actions between citizens of different states, where the matter in controversy is more than $75,000. "[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). A party's citizenship for purposes of § 1332 is a question of law and fact. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). The party seeking to invoke jurisdiction pursuant to § 1332 has the burden of establishing that complete diversity exists. *Herrick Co.*, 251 F.3d at 322. A party's citizenship depends on her domicile. *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo*, 232 F.3d at 42 (citation omitted). A person only has one domicile at a time. *Id.* To change her domicile, a person must take up residence in a new domicile and intend to remain. *Id.*

Plaintiffs name six defendants in the Second Amended Complaint. They again name Hurwitz, who is a citizen of Michigan, and Kuo, who Plaintiffs initially asserted was a citizen of New York, residing in a nursing home in Lido Beach, New York, but then alleged to be a citizen of Taiwan in their Amended Complaint. In the Second Amended Complaint, Plaintiffs list six

addresses for Kuo, the same address originally alleged in Lido Beach, New York, two addresses in New York, New York, two addresses in Flushing, New York and one address in Atlantic City, New Jersey. Second Amend. Compl. at 2, ECF No. 10. Plaintiffs also state that Kuo, "now stays in nursing home, which cannot be considered as 'domicile' (or fixed residence,) at age of 81, unable to speak after a stroke." *Id.*

Plaintiffs also name as defendants Kuo Realty, Inc., located in Long Island City, New York; Sue-Fuei Kuo, who they provide three addresses for—two in Flushing, New York and a third in Lido Beach, New York; Yillin Lee[1], who they provide three addresses for—one in Flushing, New York, one in Forest Hills, New York, and a third in Taipei, Taiwa; and Ruth [Hsu] Diamond[2], who they provide two addresses in Stamford, Connecticut, for. *Id.* Thus, Plaintiffs have failed to meet their burden of establishing that complete diversity exists between the parties.

## CONCLUSION

Accordingly, in an extreme abundance of caution and in light of its duty to liberally construe *pro se* complaints, the Court grants Plaintiffs an additional, and final, 30 days leave to file a third amended complaint to establish complete diversity of citizenship among themselves and each defendant named in the amended complaint (meaning that no named defendant can be a citizen of New York). *See Pearson v. Reid-Robinson*, 632 F. App'x 19, 19 (2d Cir. 2016) (holding courts should allow "plaintiffs to amend complaints to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." (internal quotation marks omitted) (citing *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir.

---

[1] Yillin Lee is not named in the caption. Plaintiff does name Karen Hsu in the caption, but not in the body of the Second Amended Complaint. It is unclear if this is the same individual.
[2] Identified in the caption as Ruth Hsu.

4

1987))). Plaintiffs are advised that if they cannot establish complete diversity of citizenship between themselves and all named defendants they will not be given another opportunity to amend. Plaintiffs are further advised that if diversity of citizenship does not exist between themselves and those against whom they have grievances, they have a venue available to them in the state court.

The third amended complaint will completely replace the original, Amended and Second Amended Complaints, must be captioned, "Third Amended Complaint," and must bear the same docket number as this Memorandum and Order. If Plaintiffs fail to file a third amended complaint within the time allowed, or cure the deficiencies discussed herein, judgment shall issue dismissing this action. Although Plaintiffs paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 6, 2017
Brooklyn, New York

5